#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| HAROLD WILSON | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-2828-SMY-RJD |
| | ) | |
| MADISON COUNTY, ILLINOIS, | ) | |
| | ) | |
|     **Defendant,** | ) | |
| | ) | |
| SHERRIFF JEFF CONNOR, | ) | |
| | ) | |
|     **Third-Party Defendant.** | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel. (Doc. 31). For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED**.

Background

Plaintiff Harold Wilson brought this action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C.S. § 4301 *et seq*., ("USERRA") and the Illinois Service Member Employment and Reemployment Rights Act, 330 ILCS 61/1-5 *et seq.* ("ISERRA") against Defendant Madison County. (Doc. 1). Wilson alleges he has been employed within the Madison County Sherriff's Office since 2006. (*Id.*). In February 2019, he was enlisted into the Illinois Air National Guard, and since April 2020, he has substantially remained on duty with the military. (*Id.*). Wilson alleges that during his call to active duty, he encountered a number of difficulties with the Madison County Sheriff's Office regarding his benefits, pension issues, and bias toward him as an African American. (*Id.*).

Defendant Madison County filed its Answer, denying being Plaintiff's employer. (Doc. 8). It further filed a Motion to Implead Madison County's Sheriff, Jeff Connor, in his official capacity, who Madison County identifies as Plaintiff's actual employer and proper defendant in this matter. (Doc. 7). Defendant Madison County's Motion to Implead was granted, and Sheriff Jeff Connor was added as a third-party defendant in the case. (Doc. 16).

On June 14, 2024, Plaintiff filed its First Motion to Compel against Defendant Madison County, raising two areas of contention: Interrogatory No. 5 and Requests for Production No. 1, 8, 26. (Doc. 31). Defendant Madison County filed a response in opposition. (Doc. 37). On July 11, 2024, a hearing was held on Plaintiff's motions.

**Requests For Production No. 1, 8, 26**

Plaintiff served Defendant with Requests for Production No. 1, 8, 26 seeking, *inter alia*, production of his and other co-employees' employment records. (Doc. 31 at 3-4). Defendant Madison County responded that the requested documents are not within its control and possession because they are maintained by the Madison County Sheriff's Merit Commission, which Defendant argues is a separate entity. (Doc. 37). At the hearing, the parties represented to the Court that Third-Party Defendant, Sheriff Jeff Connor, has agreed to produce the requested documents and that Plaintiff agreed to withdraw this part of his motion, retaining the right to re-raise the issue if the Third-Party Defendant fails to produce the relevant record. Accordingly, Plaintiff's Motion to Compel as it relates to Requests for Production No. 1, 8, 26 is **WITHDRAWN**.

**Interrogatory No. 5**

Wilson served Interrogatories upon Madison County. Madison County responded to Interrogatory No. 5 as follows:

Page **2** of **9**

> Interrogatory No.5: Please describe the reason(s) why Plaintiff was denied Compensation Time while he was on Military Leave, as alleged in the Complaint.

> ANSWER: Defendant objects to Interrogatory No. 5 as it requests information pertaining to another defendant, on whose behalf this Defendant is not required to respond. Defendant further objects to Interrogatory No. 5 because parties may only obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Further, Interrogatory No. 5 seeks information that is protected by the attorney/client privilege. FED. R. CIV. P. 26(b)(1) (parties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense and proportional to the needs of the case) (emphasis added). Defendant objects to Interrogatory No. 5 because it invades the mental impressions of counsel and essentially requires counsel to give an opening statement in response to an interrogatory. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquires into … the mental impressions of an attorney"). Defendant further objects to Interrogatory No. 5 because it assumes the truth of facts in dispute. *U.S. v. DeFillipo*, 590 F.2d 1228, 1239-40 (2nd Cir. 1979) (recognizing the traditional evidentiary rule that a question that assumes a disputed fact "may become improper… because it may by implication put into the mount of the unwilling witness, a statement which he never intended to make, and thus incorrectly attribute to his testimony which is not his"). Finally, Defendant objects to this Interrogatory, as it assumes facts not in evidence and requires Defendant to make a legal conclusion in order to answer same.

The Court will address each category of objections separately.

**Objection No.1: Interrogatory No. 5 requests information pertaining to another Defendant, on whose behalf this Defendant is not required to respond.**

At the hearing, Plaintiff clarified that Interrogatory No. 5 is being addressed to Plaintiff's employer, as alleged in the Complaint. Both in the Complaint and at the hearing, Plaintiff explained that he considers both Defendant Madison County and Sheriff Jeff Connor to qualify as Plaintiff's employers for purposes of this action. Defendant Madison County countered that it was not Plaintiff's employer but merely the payroll agent. At the same time, Defendant Madison County did not deny Plaintiff was not provided with compensatory time but argued Plaintiff was not entitled to it due to not being physically present at the Sheriff's Office. Under Federal Rule of Civil Procedure 33, the scope of an interrogatory extends to "any matter that may be inquired

into under Rule 26(b)." FED. R. CIV. P. 33. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id.* Answers to interrogatories "should include all the information within the responding party's knowledge and control." *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 8179365, at *1 (N.D. Ill. Sept. 8, 2005) (citation omitted). The Court finds that Defendant Madison County's objection lacks merit and is, thus, **OVERRULED**. As it did at the hearing, Defendant must substantively respond to Interrogatory No. 5 and state its position as to the reasons Plaintiff was not provided with compensatory time based on information within its knowledge and control.

**Objection No. 2: Attorney/Client and Work Product Privileges**

Madison County further objects to Interrogatory No. 5 on the basis that it invades the attorney/client privilege and the mental impressions of counsel by requiring counsel to give an opening statement in response to an interrogatory. Defendant did not elaborate on this argument with its response to the Motion or at the hearing, and the Court cannot see how stating the reasons for which Plaintiff was denied compensatory time while on military leave invades Defendant's attorney/client or work product privilege.

The attorney-client privilege protects statements a client makes to his lawyer while seeking legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). The privilege only protects the disclosure of communications; it does not cover the underlying facts that may have been disclosed to the attorney. *Id.* at 395–96. A party "may not refuse to disclose any relevant fact within [its] knowledge merely because [it] incorporated a statement of such fact into [its] communication to [its] attorney." *Id.* at 396 (internal citation and quotation marks omitted). The

party claiming the privilege bears the burden of establishing that all requirements for invoking the privilege are satisfied. *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991). Here, Defendant Madison County fails to show how Interrogatory No. 5 sought statements made in the course of seeking legal advice. The interrogatory seeks the reasons for the denial of Plaintiff's compensatory time, which does not become protected simply because Defendant Madison County communicated those reasons and their underlying facts to its attorney. Similarly, the work product privilege, codified in Federal Rules of Civil Procedure Rule 26, protects *"*documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). Defendant has not identified any document or tangible thing that would qualify as a relevant work product and has not produced a relevant privilege log. *See* FED. R. CIV. P. 26(b)(5) (requiring parties to claim the basis of the privilege and describe the nature of the privileged documents in a way that will allow other parties to assess the claim). Thus, the objection on the grounds of attorney-client and work-product privileges is **OVERRULED**.

**Objection No. 3: Interrogatory No. 5 assumes the truth of facts in dispute and requires Defendant to make legal conclusions.**

Defendant further objects to Interrogatory No. 5 because it assumes the truth of facts in dispute. It argues that "the amount of time and compensation to which Plaintiff was owed is at the heart of this case, and Defendant has Answered the allegations in the Complaint such that it did not deny Plaintiff any owed time or funds." (Doc. 37). Defendant further claims that whether Plaintiff was owed compensatory time is a legal conclusion, which Defendant is not required to presuppose in order to propound responses to discovery. *Id.*

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." FED. R. CIV. P. 33. A contention

interrogatory allows a party to learn the factual basis of the opposing party's claims and defenses but does not allow a party to seek pure legal conclusions. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir.2006). The Court reads Interrogatory No. 5 as a contention interrogatory that does not impermissibly ask for a pure legal conclusion. The reasons why Plaintiff was denied compensatory time would, at most, be an application of law to facts which is within the scope of Rule 33. It will allow Plaintiff to learn the factual basis of Defendant's defense as it relates to that issue. Contrary to Defendant's contention, a response to Interrogatory No. 5 does not require Defendant to presuppose that Plaintiff was entitled to compensatory time. Defendant Madison County made clear at the hearing that it does not dispute that Plaintiff was not provided with compensatory time, but it holds the position that Plaintiff was not entitled to it because he was not physically present at the Sheriff's Office. This is a substantive response to Interrogatory No. 5 that does not presuppose Plaintiff's entitlement to compensatory time. Madison County's objection on those grounds is **OVERRRULED**.

**Objection No. 4: Vague and Confusing Interrogatory**

While not initially raised in its response to Interrogatory No. 5, at the hearing and in its response to the Motion to Compel Defendant, Madison County objected to Interrogatory No.5 because the interrogatory was referring to "Compensation Time," which it argued is a vague and undefined term. Plaintiff countered that Interrogatory No.5 referenced the term as defined in the Complaint, which recites verbatim the CBA's definition of "Compensatory Time." Plaintiff further pointed to electronic correspondence exchanged between counsel prior to the filing of the Motion to Compel, in which Plaintiff clarified that Interrogatory No.5 was referring to "Compensatory Time." In fact, Defendant Madison County's response in opposition to the Motion to Compel acknowledged Plaintiff's clarification in his motion that Interrogatory No. 5

was referring to CBA's Compensatory Time. (Doc. 37 at 2). Based on Plaintiff's clarifications, the Court does not find Interrogatory No. 5 to be vague or confusing. Madison County can provide a response to Interrogatory No. 5 subject to Plaintiff's clarifications. Madison County's objection on this ground is **OVERRRULED**.

**Request for Attorney's Fees and Costs**

At the hearing, Plaintiff requested to be awarded reasonable expenses he incurred in making the motion, including attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5) provides: "If the motion is granted . . . the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5) (emphasis added). The court, however, "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* A party's position is "substantially justified" if there is a "genuine dispute," meaning that the dispute is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "While an award of legal fees under Rule 37(a)(5) is intended to discourage captious objections to discovery, an award of legal fees is not always mandatory." *Fleury v. Union Pac. R.R. Co.*, No. 20 C 390, 2023 WL 8621957, at *6 (N.D. Ill. Dec. 13, 2023). A court has "broad discretion in deciding if fees are warranted under Rule 37(a)(5)." *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *15 (N.D. Ill. Apr. 17, 2019), *objections overruled*, No. 17-CV-01682, 2020 WL 1248343 (N.D. Ill. Mar. 15, 2020) (citing *Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280,

283 (7th Cir. 1988).

At the hearing, Defendant Madison County argued it was substantially justified in objecting to Interrogatory No.5 and not providing a substantive response because the interrogatory was referring to "Compensation Time," which is an undefined term. As set forth above, Plaintiff sent electronic correspondence addressed to all parties clarifying that Interrogatory No. 5 was referring to compensatory time. This was also made clear in the Motion to Compel. Madison County could have provided a supplemental response to Interrogatory No. 5 subject to Plaintiff's clarifications. This could have been done at any time prior to the hearing and would be in accordance with common practice and the parties' underlying obligation to conduct discovery in good faith. Madison County chose not to do so. Accordingly, the Court does not consider Defendant Madison County's alleged uncertainty with respect to the term "Compensation Time" to be genuine.

Nonetheless, the Court finds that the remaining objections Madison County raised on Interrogatory No.5, taken as a whole, provided a substantial justification for withholding a substantive response. For instance, Madison County raised an incorrect but reasonable argument as it relates to their entitlement to object to Interrogatory No. 5 due to not being Plaintiff's employer or because it required Defendant to reach a legal conclusion as to Plaintiff's entitlement to compensatory time. Based on the entirety of the record before the Court, Plaintiff's request for reasonable expenses is **DENIED**.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel (Doc. 31) is **GRANTED**. Defendant Madison County's Objections to Interrogatory No. 5 are **OVERRULED**. Defendant Madison County is **ORDERED** to provide a substantive response to Interrogatory No.5 by **July**

**22, 2024**. The Motion to Compel with respect to Requests for Production No. 1, 8, 26 is **WITHDRAWN**. Plaintiff's request for reasonable expenses incurred in making the motion, pursuant to Federal Rule of Civil Procedure 37(a)(5) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   July 15, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**